**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 96-4953

CURTIS GENE ROBERSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Henry C. Morgan, Jr., District Judge.
(CR-96-15)

Submitted: December 16, 1997

Decided: January 27, 1998

Before WIDENER, ERVIN, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

M. Woodrow Griffin, Jr., Hampton, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Julie Lynn Tinker, Special Assistant
United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Curtis Roberson appeals from a district court judgment entered pursuant to a jury verdict finding him guilty of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. § 922(g)(1) (West Supp. 1997). The offense occurred on the grounds of Fort Monroe, a military installation in Virginia. Roberson attempted to enter the base sometime between 2 a.m. and 2:30 a.m. The guard on duty at the main entrance gate Roberson approached had orders to stop all vehicles attempting to enter the base after midnight for a license and identification check, pursuant to which he stopped Roberson's vehicle.

When asked for his license, Roberson stated that he had forgotten it, that he was lost and wished to turn around. Using identification information Roberson provided, the guard ran a computer check and discovered that Roberson's license had been suspended. He informed Roberson that he would have to issue him a citation for the infraction, and asked him to accompany him to the military police station to complete the necessary paperwork. Roberson complied, leaving his vehicle with a woman waiting in the front passenger seat. Meanwhile, a second guard replaced the first at the main gate.

While Roberson and the first guard were gone, the second guard noticed what appeared to be an axhandle wrapped in duct tape between the door and the driver's seat of the vehicle. Subsequently, he asked Roberson for permission to search the vehicle, which Roberson admits he granted. During the search the military police officer found a handgun under the driver's seat. Military police then read Roberson his Miranda rights, and Roberson invoked his right to remain silent when officers asked whether he would answer questions concerning the gun.

After Roberson invoked his Fifth Amendment right, police asked him only biographical information in order to complete their paperwork. During this process, Roberson muttered to himself that he knew he should have gotten rid of the gun but did not because he thought it looked nice or pretty. Prior to trial, defense counsel moved to sup-

2

press this statement on the grounds that it was uttered after invocation of Roberson's right to remain silent. He also argued that the statement and any evidence seized from the search of the vehicle should have been suppressed because they were the fruit of an illegal stop. Finally, he contended that the statute Roberson was charged with violating was unconstitutional in light of the Supreme Court's decision in United States v. Lopez, 514 U.S. 549 (1995).

The district court denied the motions to suppress in a written order following a pretrial hearing. At the conclusion of the Government's evidence, at the close of all of the evidence, and after the jury's verdict, Roberson also moved for acquittal. The district court denied this motion also, a decision which Roberson also challenges on appeal.

Initially, we find that Roberson's contention that§ 922(g) is unconstitutional in light of Lopez is foreclosed by our decision in United States v. Wells, 98 F.3d 808 (4th Cir. 1996). In that case, we explained that Lopez struck down 18 U.S.C.A.§ 922(q) (West Supp. 1997), because that statute contained no provision requiring that the offense in question -- possession of a firearm in a school zone -- have any relation whatsoever to interstate commerce. Id. at 810. Section 922(g), by contrast, explicitly requires the Government to prove that the firearm was shipped or transported in interstate commerce or affected commerce. Id. at 811. Hence, § 922(g) contains the constitutionally required nexus between the firearm and interstate commerce. Id. We note that the Government satisfied this element by submitting testimony tracking the transportation of Roberson's firearm from California to North Carolina to Virginia.

Regarding the district court's suppression determinations, we review the court's legal conclusions de novo and its factual determinations under the clearly erroneous standard. See United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). Roberson contends that his initial detention was unlawful because the guard lacked probable cause to stop him. We note that even ordinary traffic stops are limited seizures subject to the "reasonable suspicion" rather than the probable cause standard. See Id. at 875. Within the context of military installations, however, "[a] base commander may summarily exclude all civilians from the area of his command." United States v. Jenkins, 986 F.2d 76, 79 (4th Cir. 1993). He may therefore restrict access to the

3

base. Id. Thus, military police acting on the orders of the base commander to stop and check every vehicle entering the base at the time Roberson attempted to enter clearly had the right to stop Roberson. While Roberson contends that authority to stop was also lacking in this case because he told the officer that he no longer wished to enter the base and wanted to turn around, Roberson made this statement after the officer asked for his license, and thus, after the stop occurred.

Roberson also maintains that his statement concerning the gun should have been suppressed because it occurred after he indicated he wished to remain silent. The evidence is unrefuted, however, that Roberson did not make the comment in response to questioning but uttered it voluntarily. Volunteered statements are not protected by the Fifth Amendment. See Giarrantano v. Procunier , 891 F.2d 483, 488 (4th Cir. 1989). Moreover, Roberson cannot legitimately challenge the legality of the search of his vehicle, as it is undisputed that he voluntarily consented to the search. See United States v. Lattimore, 87 F.3d 647, 650 (4th Cir. 1996).

Finally, Roberson avers that the district court erred by denying his motions to dismiss and for acquittal because the evidence was insufficient to show that he knowingly possessed the handgun. We must uphold the jury's verdict if, viewed in the light most favorable to the Government, there is substantial evidence to support it. See United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc), cert. denied, 117 S. Ct. 1087 (1997). The Government presented evidence that only Roberson and his girlfriend, the owner of the vehicle he was driving the night of his arrest, ever drove that particular vehicle. Roberson concedes in his brief that the gun did not belong to his girlfriend. While there was another female with Roberson on the evening in question, Roberson does not allege that the gun belonged to her either. His properly admitted statement concerning the gun reflected his knowledge of its presence. Circumstantially, the gun's location under the seat in which Roberson sat further supported the jury's conclusion. Although Roberson adamantly denied at trial that the gun belonged to him, the jury obviously did not believe him, and we, as an appellate court, do not review witness credibility. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

4

Accordingly, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5